UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NEW SON YENG PRODUCE NY LLC,

           Plaintiff,

-against-

X&L SUPERMARKET, INC.

           Defendant.

Case No.:

CV 12-1519

COMPLAINT (to Enforce Payment From Produce Trust)

GARAUFIS, J.

Plaintiff, NEW SON YENG PRODUCE NY LLC, ("plaintiff"), for it's complaint against defendant, alleges:

### JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(4), (hereinafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §1332.

2. Venue in this District is based on 28 U.S.C. §1391 in that the events constituting the claims arose in this District.

### PARTIES

3. The plaintiff is a New York corporation conducting business in the State of New York, with its principal place of business located at 32 Beadel Street, Brooklyn, New York 11222. Plaintiff is engaged in the business of buying and selling wholesale quantities of fresh fruit and vegetables in interstate commerce. Plaintiff is a corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce. At all times pertinent herein, plaintiff was licensed as a dealer under the provisions of PACA.

4.  Defendant, X&L SUPERMARKET, INC. ("X&L"), is a New York corporation with a principal place of business at 41-42 Main Street, Flushing, New York 11354 and was at all times pertinent herein, and was engaged in the sale of perishable agricultural commodities exceeding $230,000 annually and/or purchasing at least 2,000 lbs. of produce in any one day, as such, is a dealer in perishable agricultural commodities and subject to the Act.

## GENERAL ALLEGATIONS

5.  This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499(c).

6.  The plaintiff is an unpaid supplier or seller of perishable agricultural commodities as those terms are used in the Act. The amount due is the sum of EIGHTY NINE THOUSAND FOUR HUNDRED NINETY-FIVE and 75/100 ($89,495.75) DOLLARS.

7.  Plaintiff sold and delivered to defendant, in interstate commerce, $89,495.75 worth of wholesale quantities of produce.

8.  Defendant, has failed to pay for the produce when payment was due, despite repeated demands and presently owes plaintiff $89,495.75.

9.  At the time of receipt of the produce, plaintiff became beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of each defendant since the creation of the trust.

10.  Plaintiff preserved its interests in the PACA trust in the amount of $89,495.75 and remains a beneficiary until full payment is made for the produce.

11.  The defendant is experiencing severe cash flow problems and are unable to pay plaintiff for the produce plaintiff supplied.

12.  The defendant's failure and inability to pay show that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff and are dissipating trust assets.

## COUNT 1
### (FAILURE TO PAY TRUST FUNDS)

13.  Plaintiff incorporates each and every allegation set forth in paragraphs "1" to "12" above as if fully set forth herein.

14.  The failure of defendant to make payment to plaintiff of trust funds in the amount of $89,495.75 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $89,495.75 to plaintiff.

## COUNT 2
### (FAILURE TO PAY FOR GOODS SOLD)

15.  Plaintiff incorporates each and every allegation set forth in paragraphs "1" to "14" above as if fully set forth herein.

16.  Defendant failed and refused to pay plaintiff $89,495.75 owed to plaintiff for produce received by defendant from plaintiff.

WHEREFORE, plaintiffs request judgment in the amount of $89,495.75 against the defendant.

## COUNT 3
### (INTEREST AND ATTORNEY'S FEES)

17. Plaintiff incorporates each and every allegation set forth in paragraphs "1" to "16" above as if fully set forth herein.

18. As a result of defendant's failure to make full payment promptly of $89,495.75, plaintiffs have lost the use of said money.

19. As a further result of defendant's failure to make full payment promptly of $89,495.75, plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require defendant to comply with its statutory duties.

**WHEREFORE**, plaintiff requests judgment against the defendant for prejudgment interest, costs and attorneys fees.

Dated this 26th day of March, 2012

        Respectfully submitted,

        KREINCES & ROSENBERG, P.C.

By: _____
        LEONARD KREINCES (LK/6524)
        Attorneys for Plaintiff
        900 Merchants Concourse, Suite 305
        Westbury, New York 11590
        (516) 227-6500

Z:\kreinces1\WORK\General\new son yeng\vs. X&L Supermarket\Complaint.PACA.wpd